CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED

9/18/2025

LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
      DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| INOVALON PROVIDER, INC. (F/K/A ABILITY NETWORK INC.),<br><br>        *Plaintiff*,<br>v.<br><br>INNOVATIVE MARKETING AND DATA SOLUTIONS, INC.,<br><br>        *Defendants*. | CASE NO. 6:25-cv-00056<br><br><u>MEMORANDUM OPINION & ORDER</u><br><br>JUDGE NORMAN K. MOON |

  This matter is before the Court on Plaintiff Inovalon Provider Inc.'s ("Inovalon") request for entry of a default judgment. Dkt. 18. Inovalon initially filed a Motion to Confirm Arbitration Award with this Court on July 15, 2025. Dkt. 1. As Defendant Innovative Marketing has failed to respond to this motion, exceeding their response deadline by over a month, the Court will grant Inovalon's motion.

  Under the Federal Rules of Civil Procedure, a two-step process exists for how to secure a default judgment. Fed. R. Civ. Pro. 55(a). First, the moving party may ask the clerk to enter default when a non-responsive party does not file an answer within twenty-one (21) days of being served with the complaint. Fed. R. Civ. Pro. 12(a)(1)(A)(i); 55(a). Second, the moving party may ask either the clerk or the Court to enter a default judgment. Fed. R. Civ. Pro. 55(b). Courts often hold hearings in order to determine the appropriate judgment amount. *Id.* at 55(b)(2). When awarding damages on a default judgment without a hearing, the Fourth Circuit requires that the record supports an uncontested damages request. *See Ins. Servs. of Beauford, Inc. v. Aetna Cas. & Sur. Co.*, 966 F.2d 847, 853 (4th Cir. 1992) ("[A] default judgment may not be entered without a full hearing unless the damages are liquidated or otherwise uncontested.").

Inovalon and Innovative Marketing have been involved in a binding arbitration with the American Arbitration Association since November 1, 2024. Dkt. 1 ¶ 15. The underlying conflict between the parties stemmed from a contract for a tool that would allow for the "identification of applicable health insurance coverage for an individual." *Id.* ¶ 8. Arbitration concluded between the parties on March 26, 2025, and final judgment was served on June 13, 2025. *Id.* ¶¶ 25-26. The total award is detailed as follows:

| | |
|---|---|
| Compensatory Damages | $759,370.25 |
| Pre-Award Interest | $136,686.65 |
| Attorneys' Fees | $115,845.00 |
| Expenses | $6,902.76 |
| Costs and Arbitration Fees | $13,859.00 |
| **TOTAL** | **$1,032,663.66** |

This award also contains a 10% post-award interest per year on the total balance due to Inovalon.

*Id.* ¶ 25.

Inovalon filed a Motion to Confirm Arbitration Award and Enter Judgment on July 15, 2025 and served Innovative Marketing, an entity which is now defunct, on July 24, 2025. Dkt. 18. ¶ 10. Innovative Marketing has failed to respond since this filing, and it is now well over a month since their answer deadline has passed. Dkt. 15. The Clerk entered default on this case on September 11, 2025 upon Inovalon's motion. Dkt. 17. As such, Inovalon has proven Innovative Marketing has "fail[ed] to plead or otherwise defend" the case and has completed the first step of the two-part process to secure a default judgment. Fed. R. Civ. Pro. 12(a)(1)(A)(i).

Next, the Court considers if Inovalon's motion sufficiently alleges "uncontested damages" such that the Court can enter the default judgment without a hearing. *See Beauford*, 966 F.2d at 853. Inovalon's petition for damages is the "[f]inal [a]ward" from the arbitration that occurred on June 13, 2025. Dkt. 18 ¶ 2. Innovative Marketing received service enumerating this

award on July 15, 2025. *Id.* ¶ 3. A declaration from Inovalon's counsel of record, Mr. Hugh J. Marbury, supports these allegations. *Id.* Ex. A. As Inovalon has demonstrated that the sum is "uncontested" since it was previously adjudicated by the American Arbitration Association and has likewise demonstrated that Innovative Marketing received the award through proper service. Therefore, the Court **GRANTS** Inovalon's Motion for Entry of a Default Judgment without requiring a hearing.

It is so **ORDERED.**

The Clerk is hereby authorized to enter default judgment against Innovative Marking in the amount of $1,032,663.66, plus 10% post award interest per year on the total balance due to Inovalon.

Entered this the 18th day of September, 2025.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE